UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. FEENEY,          ) | |
| ) | |
| Plaintiff,          ) | |
| v.          ) | CIVIL ACTION |
| ) | NO. 20-10425-PBS |
| CAROL MICI, et al.,          ) | |
| ) | |
| Defendants.          ) | |

## SCHEDULING ORDER AND ORDER ON PLAINTIFF'S
## MOTIONS TO STAY, APPOINT COUNSEL AND CONDUCT DEPOSITIONS

This matter is before the court on (1) "Plaintiff's Motion to Stay Summary Judgment" (Docket No. 97); (2) "Plaintiff's Motion to Appoint Counsel" (Docket No. 98); and (3) "Plaintiff's Motion to Depose Named Defendants and Witnesses" (Docket No. 99).  After consideration of the parties' written submissions, it is hereby ORDERED as follows:

### Rulings on Plaintiff's Motions

1.      By his motion to stay, the plaintiff requests that the court deny or defer ruling on the defendants' pending motion for summary judgment on the grounds that the defendants have failed to respond adequately to his written discovery requests and that the "plaintiff has not had the chance to depose named defendants and other supporting characters[.]"  (Docket No. 97 at 1).  However, in orders dated December 27, 2021, this court ruled that the defendants' responses to the plaintiff's written discovery requests were adequate and allowed the plaintiff's motion to obtain additional discovery even though the deadline for the completion of all discovery expired on October 29, 2021.  (Docket Nos. 95 & 96).  To the extent the plaintiff claims that he had no chance to depose witnesses, he has failed to make the

showing necessary to support the denial or a stay of summary judgment.  In order to justify such relief, Feeney was obligated to

> submit to the trial court an affidavit or other authoritative document showing: (i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceediings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).  In his affidavit in support of his motion, Feeney states only that he needs "to receive complete discovery to prove [his] case." (Docket No. 97-1).  Similarly in support of his motion to depose defendants and witnesses, Feeney states only that the requested depositions are necessary "to prove the lies and misinformation put forth to the court" and "receive a fair hearing" on summary judgment. (Docket No. 99-1).  These assertions are insufficient to satisfy any elements of the relevant test.  Therefore, Feeney's motion to stay (Docket No. 97) is DENIED.

2. The plaintiff's motion to appoint counsel (Docket No. 98) is also DENIED.  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel" in a civil case, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991).  This case involves straightforward legal issues that will turn on the facts presented by the parties, and Feeney has demonstrated ample ability to represent himself.  In particular, he has demonstrated the ability to engage in motion practice, conduct discovery and present evidence and arguments in support of his claims.  Therefore, he has not established that the appointment of counsel would be appropriate in this case.

[2]

3. In his final motion, Feeney is seeking permission to conduct depositions of the named defendants, as well as depositions of unnamed witnesses. This motion (Docket No. 99) is DENIED as well. As an initial matter, there is no indication that Feeney attempted to take the requested depositions during the discovery period, which expired months ago at the end of October 2021. Nor has Feeney presented any reasons for not completing the depositions earlier. Furthermore, as described above, Feeney has not described what facts he hopes to obtain by way of deposition. The record in this case demonstrates that many of the relevant facts are recorded in the plaintiff's medical records. Similarly, many of the parties' interactions are reflected in documents. Therefore, it is unclear what the depositions would add to the existing factual record. While Feeney contends that the depositions are necessary "to prove the lies and misinformation put forth to the court[,]" there is little likelihood that depositions of the named defendants would yield any such evidence or provide support for his claims. On the other hand, allowing Feeney to take depositions at this late stage in the litigation would result in a significant delay in resolving the pending motion for summary judgment and ultimately the completion of this case. Accordingly, Feeney has not presented an adequate basis for allowing his motion.

### Schedule for Completion of Summary Judgment

4. The plaintiff shall file any opposition to the defendants' motion for summary judgment by **March 24, 2022**.

5. Any reply in support of the motion for summary judgment shall be filed by **April 7, 2022**.

/ s / Judith Gail Dein<br>Judith Gail Dein<br>United States Magistrate Judge

Dated: February 7, 2022